IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                        )
     Plaintiff, )
                        )     CIVIL ACTION NO.
     v. )
                        )     <u>COMPLAINT</u>
GREAT CENTRAL LUMBER )
COMPANY, )
                        )
     Defendant. )

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Huey Turner who was adversely affected by such practices. The complaint alleges that Mr. Turner was subjected to a racially hostile environment by his employer Great Central Lumber Company.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, a Missouri corporation, has continuously been doing business in the State of Missouri and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Mr. Turner filed charges with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Defendant engaged in unlawful employment practices in violation of Title VII as follows:

(a)     Between approximately January 2003 and August 2006, Defendant subjected Mr. Turner to racial harassment during his employment in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).  The harassment included, but was not limited to, frequent use of the word "nigger" by white employees.  One co-worker referred to and/or called Mr. Turner "nigger" or "black Jake" almost daily.  The unlawful conduct was

sufficiently severe or pervasive to create a hostile working environment

which altered the terms or conditions of Mr. Turner's employment.

8.      The effect of the practice complained of in paragraph 7 above was to deprive Mr.

Turner of equal employment opportunities and otherwise adversely affect his status as an

employee because of his race.

9.      The unlawful employment practice complained of in paragraph 7 above was

intentional.

10.     The unlawful employment practice complained of in paragraph 7 above was done

with malice or with reckless indifference to the federally protected rights of Mr. Turner.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns, and all persons in active concert or participation with them, from engaging in racial

harassment and any other employment practice which discriminates on the basis of race.

B.      Order Defendant to institute and carry out policies, practices, and programs which

provide equal employment opportunities for Blacks, and which eradicate the effects of its past

and present unlawful employment practices.

C.      Order Defendant to make Mr. Turner whole by providing compensation for past

and future nonpecuniary losses resulting from the unlawful employment practices described in

paragraph 7 above, including pain and suffering, loss of enjoyment of life, damage to reputation,

and humiliation, in amounts to be determined at trial.

D.      Order Defendant to pay punitive damages to Mr. Turner for its malicious and reckless conduct described in paragraph 7 above in amounts to be determined at trial.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT G. JOHNSON
Regional Attorney

BARBARA A. SEELY
Supervisory Trial Attorney, #10607

MELVIN D. KENNEDY, #33222
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO  63103
(314) 539-7915